UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QOTD FILM INVESTMENT LTD,

       Plaintiff,                           Case No. 16-cv-11275
                                              Hon. Matthew F. Leitman

v.

DOES 1-26,

       Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

       This matter is before the Court on Plaintiff's ex parte amended motion for leave to serve a subpoena prior to a Rule 26(f) conference on the internet service providers ("ISPs") identified in Exhibit 1 to Plaintiff's Complaint, seeking the name and contact information of the original Doe Defendants 1-18 and now newly added Does 19-26 identified in the amended complaint and to prevent spoliation of evidence. The Court finds that Plaintiff has established that good cause exists for its request to serve a subpoena before a Rule 26(f) conference.

       Accordingly, Plaintiff's motion is **GRANTED** to the following extent:

       1. Plaintiff may serve the ISPs with a Rule 45 subpoena commanding the ISPs to provide Plaintiff with **only** the true names, addresses, email addresses, ISP addresses, and web hosting service providers of the Doe Defendants identified in the complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendants.

3. Within fourteen days of service of the subpoena, the ISPs shall reasonably attempt to identify the Doe Defendants and provide them with a copy of the subpoena and this Order.  If the ISPs are unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall so notify the Court and Plaintiff's counsel.

4. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information, nor shall a subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by that ISP.  If necessary, the Court will resolve any disputes between an ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by that ISP after the subpoenaed information is provided to Plaintiff.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISPs for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2016, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (313) 234-5113