ORIGINAL

UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

QOTD FILM INVESTMENT LTD.,

    Plaintiff,

vs.

DOES 1-26,

    Defendants.

_____/

CASE No. 2:16-CV-1127

MOTION TO QUASH SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA.

For the cause of undue burden, I am filing this MOTION TO QUASH OF VACATE the Subpoena, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

### INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Barry C. Kane is using improper joinders in their mass lawsuits alleging copyright infringement through various Torrent sites including but not limited to µTorrent.

### ARGUMENT

- **Plaintiff Has Improperly Joined 26 Individual Defendants Based on Entirely Disparate Alleged Acts**

The Plaintiff's joinder of 26 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only

when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country.

2

In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26

Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the μTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.

Discussions of the technical details of the μTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the

defendants and "drop" Doe #5, from the case.

*See* Fed. R. Civ. P. 21.

Dated: 05/26/2016                                       Respectfully submitted,

                                                        *s/John Doe*
                                                        John Doe
                                                        *Pro se*

                                                        821 S. WINTER
                                                        ADRIAN, MI 49221

## CERTIFICATE OF SERVICE

I hereby certify that on 5/26/2016, I formally filed a copy of the foregoing document to:

Theodore Levin U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, MI 48226

and via Facsimile on Comcast Cable Communications, LLC:

    NE&TO

5

650 Centerton Road  
Morrestown, NJ 08057  
Telephone: 866-947-8572  
**Fax: 866-947-5587**

*Exhibit A*



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

4/27/2016

**Personal and Confidential**

**Via UPS & USPS Delivery**

    Re:    *QOTD Film Investment LTD v. Does 1-26*
              United States District Court for the Eastern District of Michigan
              Docket No.: 2:16-cv-11275
              Order Entered: 4/15/2016
              Comcast File #: 731785

Dear Mr Anton Gauna:

    *QOTD Film Investment LTD* has filed a federal lawsuit in the United States District Court for the Eastern District of Michigan. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing *QOTD Film Investment LTD*'s copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 107.5.80.69:60250 on 01/25/2016 00:28:36 GMT. The court has ordered Comcast to supply your name, address and other information to *QOTD Film Investment LTD* in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:16-cv-11275 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than 5/27/2016**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than 5/27/2016**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have legal questions about this matter, please contact an attorney.

                            Sincerely yours,

                            Comcast Legal Response Center

Attachments:    Copy of Subpoena and accompanying Court Order regarding civil action

Exhibit 1 – Identified IP Addresses by Date, Motion Picture, File Hash, and ISP
Film: Queen.of.the.Desert.2016.HDRip.XviD.AC3-EVO
File Hash: SHA1: 896B438F8D8I7C433F4B88A24322B8763A3E9885

| Doe | IP Address | Port | Client | Hit Date | ISP | City | County | State |
|---|---|---|---|---|---|---|---|---|
| 1 | 68.43.72.252 | 12756 | µTorrent 3.4.5 | 2016-01-25 00:05:07 | Comcast Cable | Trenton | Wayne | Michigan |
| 2 | 68.37.146.143 | 50010 | [unknown Client] | 2016-01-25 00:06:14 | Comcast Cable | New Haven | Macomb | Michigan |
| 3 | 73.18.15.122 | 29457 | [unknown Client] | 2016-01-25 00:10:47 | Comcast Cable | Belleville | Wayne | Michigan |
| 4 | 68.61.254.83 | 6881 | qBittorrent 3.1.9 | 2016-01-25 00:11:12 | Comcast Cable | Detroit | Wayne | Michigan |
| 5 | 107.5.80.69 | 60250 | µTorrent 3.4.5 | 2016-01-25 00:28:36 | Comcast Cable | Michigan | Adrian | Lenawee |
| 6 | 71.227.123.162 | 38540 | µTorrent 3.4.5 | 2016-01-25 01:15:41 | Comcast Cable | Ypsilanti | Washtenaw | Michigan |
| 7 | 107.4.77.89 | 14675 | µTorrent 3.4.5 | 2016-01-25 01:22:07 | Comcast Cable | Flint | Genesee | Michigan |
| 8 | 68.42.173.12 | 54642 | µTorrent 3.4.5 | 2016-01-25 01:31:16 | Comcast Cable | Michigan | Port Huron | St. Clair |
| 9 | 76.112.206.219 | 13574 | µTorrent 3.4.5 | 2016-01-25 01:32:52 | Comcast Cable | Michigan | Ferndale | Oakland |
| 10 | 68.84.174.150 | 29460 | µTorrent 3.4.6 | 2016-01-25 01:35:41 | Comcast Cable | Detroit | Wayne | Michigan |
| 11 | 71.227.91.213 | 20155 | µTorrent 3.4.5 | 2016-01-25 03:15:41 | Comcast Cable | Saint Clair Shores | Macomb | Michigan |
| 12 | 76.112.170.234 | 52317 | µTorrent 3.4.5 | 2016-01-25 04:07:33 | Comcast Cable | Michigan | Jackson | Jackson |
| 13 | 71.238.87.128 | 57072 | µTorrent 3.4.5 | 2016-01-25 04:20:47 | Comcast Cable | Ypsilanti | Washtenaw | Michigan |
| 14 | 107.5.52.230 | 30595 | µTorrent 3.4.5 | 2016-01-25 04:38:51 | Comcast Cable | Detroit | Wayne | Michigan |
| 15 | 76.112.172.100 | 30584 | µTorrent 3.4.5 | 2016-01-25 06:43:15 | Comcast Cable | Jackson | Jackson | Michigan |
| 16 | 68.36.4.12 | 34923 | µTorrent 3.4.5 | 2016-01-25 08:07:19 | Comcast Cable | Michigan | Lake Orion | Oakland |
| 17 | 107.5.158.90 | 50895 | Deluge Torrent 2.4.2 | 2016-01-25 08:47:57 | Comcast Cable | Troy | Oakland | Michigan |
| 18 | 68.62.0.252 | 6881 | [unknown Client] | 2016-01-25 10:47:49 | Comcast Cable | Jackson | Jackson | Michigan |
| 19 | 107.5.146.182 | 55888 | µTorrent 3.4.5 | 2016-01-25 14:48:35 | Comcast Cable | Marine City | St. Clair | Michigan |
| 20 | 69.242.213.165 | 59696 | µTorrent Mac 1.8.7 | 2016-01-25 15:46:25 | Comcast Cable | Michigan | Detroit | Wayne |
| 21 | 68.41.174.236 | 30915 | [unknown Client] | 2016-01-25 16:51:29 | Comcast Cable | Pontiac | Oakland | Michigan |
| 22 | 68.62.40.187 | 43348 | µTorrent 3.4.5 | 2016-01-25 22:11:43 | Comcast Cable | Michigan | New Baltimore | Macomb |
| 23 | 76.112.23.53 | 54559 | [unknown Client] | 2016-01-25 23:12:54 | Comcast Cable | Rochester | Oakland | Michigan |
| 24 | 68.43.186.38 | 19809 | µTorrent 3.4.2 | 2016-01-25 23:30:22 | Comcast Cable | Michigan | Detroit | Wayne |
| 25 | 68.43.248.17 | 16753 | µTorrent 3.4.5 | 2016-01-25 23:41:39 | Comcast Cable | Roseville | Macomb | Michigan |
| 26 | 68.36.112.207 | 60017 | µTorrent 3.4.5 | 2016-01-25 23:52:12 | Comcast Cable | Grand Blanc | Genesee | Michigan |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| QOTD FILM INVESTMENT LTD, <br> *Plaintiff* <br> v. <br> DOES 1-26, <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 2:16-cv-11275 <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation, Legal Response Center, 650 Centerton Road, Moorestown, NJ 08075 c/o CT Corp.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Subscriber true name, service address including city and state, subscriber mailing address if different, subscriber account number, and subscriber email address and telephone number for each of the IP addresses reflected on Exhibit A attached.

| Place: Kane & Co. PLC <br> 451 Camino del Monte Sol, Santa Fe, NM 87505 | Date and Time: <br> 05/25/2016 0:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/15/2016

*CLERK OF COURT*

OR

_____          /s/Barry C. Kane
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* QOTD FILM INVESTMENT LTD, , who issues or requests this subpoena, are:
Barry C. Kane, 451 Camino del Monte Sol, Santa Fe, NM 87505, bkane@kaneplc.com, (505) 670-2160

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-cv-11275

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☑ I served the subpoena by delivering a copy to the named person as follows: By mailing a copy, Exhibit A, Order of the Court, through United States Post Office first class mail to CT Corp., 30600 Telegraph Rd, Bingham Farm, Michigan 48025 on *(date)* 04/15/2016 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 04/15/2016

/s/Barry C. Kane
*Server's signature*

Barry C. Kane
*Printed name and title*
Kane & Co., PLC
451 Camino del Monte Sol
Santa Fe, NM 87505

*Server's address*

Additional information regarding attempted service, etc.: