IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **QOTD FILM INVESTMENT LTD**<br><br>            Plaintiff,<br><br>v<br><br>**DOES 1-21**,<br>            Defendants | Case No.: 2:16-cv-11275<br><br>Hon. Judge Mathew F. Leitman<br><br>Magistrate Stephanie Dawkins Davis |

BRIEF IN OPPOSITION
TO DOE 5 MOTION TO QUASH [6]

On May 26, 2016, Doe #5, pro se, filed a motion to quash the Rule 45 subpoena (ECF #6) arguing essentially the subpoena places an undue burden on having himself identified at the same time as the other defendants in this case. Defendant then goes on to argue the subpoena should be quashed because of improper joinder and that it would be improper to identify multiple defendants at one time. Although the argument is grounded in joinder, the real goal is prevent subscriber's identity from being disclosed.

Defendant has provided supporting documentation containing his full name and mailing address. Now that Movant has provided his contact information, the information sought by the subpoena has been revealed and the Motion to Quash [7] should be denied as substantially moot.

BACKGROUND

Plaintiff QOTD FILM INVESTMENT LTD ("QOTD") filed a Complaint against multiple Does, seeking damages and injunctive relief for copyright infringement of the movie entitled *Queen of the Desert*. On April 15, 2016, Plaintiff's Motion for Leave to Take Early Discovery was granted. Plaintiff was given leave to file subpoenas pursuant to Federal Rule of Civil Procedure 45 to Internet Service Providers who provided internet services to the

Defendants identified by an Internet Protocol ("IP") address to obtain information sufficient to identify each Defendant by name and current address.

The complaint alleges defendants engaged in the unauthorized acquisition and transfer of the copyrighted motion picture *Queen of the Desert* in violation of the Copyright Act, 17 U.S.C. 101, et seq. Plaintiff alleges that Defendants illegally copied and distributed the movie through the Internet using a network called "BitTorrent protocol" or "torrent." At the time the Complaint was filed, Plaintiff did not know Defendants' actual names. Each Defendant was known to Plaintiff only by the IP address assigned to that Defendant by his or her Internet Service Provider and the date and time at which the infringing activity of each Defendant was observed.

On April 14, 2016, Plaintiff was given leave to file subpoenas to Internet Service Providers who provided internet services to any of the Defendants identified by an IP address to obtain information sufficient to identify each Defendant by name and current address. Plaintiff issued a subpoena to Comcast and Charter Communications to obtain that information. Doe # 3 now objects to Charter Communications providing subscriber details on the basis of a denial of the alleged activity.

### LEGAL STANDARD
Motion to Quash Subpoena

A party may move to quash or modify the subpoena in the court for the district where compliance is required. Fed.R.Civ.P. 45(d)(3). Under Federal Rule of Civil Procedure 45(d)(3)(A), a motion to quash should be granted **if** a subpoena: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed.R.Civ.P.

45(d)(3)(A).  Moreover, in seeking to quash a Rule 45 subpoena, a party generally "has no standing to seek to quash a subpoena directed to a non-party" unless the moving party can show the information sought is privileged.  *Sys. Prods. & Solutions, Inc. v. Scramlin* (E.D. Mich., 2014)(citing *Underwood v. Riverview of Ann Arbor,* No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008)).  Courts have also recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do not have a reasonable expectation of privacy in their subscriber information.  Hard Drive Productions v. Does 1-48, No. 11-cv-9062, 2012 WL 2196038 at *4 (N.D. Ill. June 14, 2012).A party moving to quash bears the burden of demonstrating that a subpoena falls within one of these above-listed categories.  *United States v. Michigan Dep't of Cmty. Health* (W.D. Mich., 2011); *United States v. Nelson*, 486 F.Supp. 464 (W.D. Mich., 1980) *Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012).

### ANALYSIS
Motion to Quash

Movant is a third-party to the subpoena directed to Comcast.  The objective of the subpoena was to identify the subscriber by name, address and other contact information connected with a particular IP address.  Apparently Movant was not aware the content of his motion would be shared with Plaintiff's counsel, revealing his name, mailing address, and IP Address.

Since Movant has voluntarily provided his identity, there is now no reason why Comcast Cable should not verify that information.  Since subscriber information given to the Internet service provider does not fall within an area of privilege, there is no harm in revealing the IP address connected to subscriber's account.  "Instances that fall under the

'personal right or privilege' exception and confer standing on a party include the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." Parker v. Four Seasons Hotels, Ltd., 291 F.R.D. 181, 187 (N.D. Ill. 2013) (citations omitted). Here, through inadvertence, subscriber has revealed her identity making her motion to quash substantially moot.

The Federal Rules only allow the quashing of a subpoena on grounds (i) the subpoena fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed.R.Civ.P. 45(d)(3)(A). A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information. *Malibu Media LLC v. John Does 1-28*, No. 12-CV-12598, 2012 WL 7748917, at *12-13 (E.D. Mich. Oct. 31, 2012) (citing *Voltage Pictures, LLC v. Does 1-5,000, 818 F.Supp.2d 28*, 35 (D.D.C.2011)). In addition, other courts have recognized that even if the subscriber is not the copyright infringer, the subscriber's identity is both relevant and discoverable. *TCYK, LLC v. Does 1-47*, No. 2:13-cv-539, 2013 WL 4805022, at *5 (S.D. Ohio Sept.9, 2013) ("[E]ven if discovery later reveals that a person other than the subscriber violated plaintiff's copyright, the subpoenaed information (the subscriber's contact information) is nevertheless reasonably calculated to lead to the discovery of admissible information, *i.e.*, the identity of the actual infringer."). Since the unidentified Doe does not have standing to challenge this subpoena, the *de jure* Motion to Quash should be denied.

## CONCLUSION

Subscriber's motion should be denied. No substantial basis has been provided for quashing the subpoena. In fact, subscriber has provided much of the information sought by the subpoena. Moreover, since Movant has no reasonable expectation of privacy regarding the subscriber information, Movant's objections are now essentially meaningless. The motion to quash should be denied.

Respectfully submitted.

June 14, 2016

By: /s/ Barry C. Kane
KANE & CO., PLC
29 Pearl St. N.W.
410 Federal Square Building
Grand Rapids, MI 49503
(616) 726-5905

ATTORNEY FOR PLAINTIFF

## PROOF OF SERVICE

I, the undersigned, hereby certify that on Wednesday, the 25th day of May, 2016, a copy of Plaintiff's Brief in Opposition to Motion to Quash [Docket #7] was sent to Delphine Allums at 121 Vernon Drive, Pontiac, Michigan 48342 by first class U.S. Mail.

Date: May 25, 2016

By: /s/ Barry C. Kane
Barry C. Kane