UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QOTD FILM INVESTMENT, Ltd,

    Plaintiff,                                                       Case No. 16-cv-11275
                                                                              Hon. Matthew F. Leitman
v.

DOES 1-26,

    Defendants.
_____/

**<u>ORDER DENYING MOTION TO QUASH SUBPOENA (ECF #6)</u>**

On April 7, 2016, Plaintiff QOTD Film Investment, Ltd. ("QOTD") filed this action against twenty-six "John Doe" Defendants. (*See* Compl., ECF #1.) In its Complaint, QOTD alleges that the unnamed Defendants illegally downloaded and/or allowed others to illegally download the movie "Queen of the Desert," which QOTD produced. (*See id.*)

At the time it filed its Complaint, QOTD did not know the name or contact information for any of the John Doe Defendants. The only information it possessed was the Internet Protocol ("IP") address for those individuals. Thus, on the same day it filed its Complaint, QOTD filed a motion requesting that the Court allow it issue subpoenas to various internet service providers so that it could obtain the name and contact information of the John Doe Defendants. (*See* ECF #2.) QOTD filed a second motion seeking this discovery on April 8, 2016. (*See* ECF

1

#4.) The Court granted the two discovery motions by written order on April 15, 2016 (the "Discovery Order"). (*See* ECF #5.)

On June 14, 2016, one of the John Doe Defendants filed a motion to quash the subpoena his ISP had received from QOTD (the "Motion"). (*See* ECF #6.) In the Motion, the John Doe Defendant argues that QOTD has improperly joined all twenty-six Defendants in one action and that the Court should quash the subpoena on that basis. (*See id.*)

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may be quashed or modified if: (i) the subpoena fails to allow a reasonable time to comply; (ii) the subpoena requires a person to comply beyond the geographical limits specified in the federal rules; (iii) the subpoena requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) the subpoena subjects a person to undue burden. *See* Fed. Rule Civ. Proc. 45(d)(3)(A) ("Rule 45(d)").

Here, the subpoena at issue requests only the name and contact information of the John Doe Defendants. That information is discoverable, and the subpoena does not request any "privileged or other protected" information. *See, e.g.*, *TCYK, LLC v. Does 1-47*, 2013 WL 4805022, at *5 (S.D. Ohio Sept. 9, 2013) (denying motion to quash subpoena and holding that "even if discovery later reveals that a person other than the subscriber violated plaintiff's copyright, the subpoenaed

information (the subscriber's contact information) is nevertheless reasonably calculated to lead to the discovery of admissible information, i.e., the identity of the actual infringer").

Moreover, while the John Doe Defendant has objected to QOTD filing one lawsuit against twenty-six different individual Defendants, that objection provides no basis for quashing the subpoena. Simply put, the John Doe Defendant has not identified any provision of Rule 45(d) (or any other applicable federal rule) that supports his Motion.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the Motion (ECF #6) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: June 20, 2016    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 20, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3